UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                     Case No. 22-30040

v.

                               Magistrate Judge Kimberly G. Altman

JURON CRUSOE,

       Defendant.

_____/

## ORDER OF TRANSFER AND OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING

Defendant Juron Crusoe is before the Court on the Government's request to transfer Defendant to the Eastern District of Missouri and motion for detention pending a hearing on charges that Defendant violated the terms of his supervised release. On January 31, 2022, the Court conducted a removal hearing and detention hearing pursuant to Fed. R. Crim. P. 32.1(a)(6). For the reasons which follow, the transfer request and motion for detention pending removal will be granted.

**Factual Background**

On March 5, 2020, Defendant was sentenced in the Eastern District of Missouri to 16 months imprisonment and 2 years of supervised release following his conviction for felon in possession of a firearm. His supervision commenced on September 17, 2020. According to the violation report and based on the

government's proffer at the hearing, Defendant has had several instances of failing to report to his probation officer, failing to report for substance abuse and mental health treatment, failing to report contact with law enforcement, and leaving the jurisdiction. Indeed, Defendant was arrested in this jurisdiction although he did not have permission to leave the Eastern District of Missouri.

**Analysis**

Under to Rule 32.1(a)(6), a magistrate judge may release or detain a defendant under 18 U.S.C. § 3143(a)(1) pending further proceedings. Section 3143(a)(1), in turn, requires detention "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(a)(1). The burden of establishing by clear and convincing evidence that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant. Fed. R. Crim. P. 32.1(a)(6).

The Government argues that Defendant has not meet his burden. The Court agrees as to risk of flight. For the reasons stated on the record, Defendant's numerous instances of failing to report on a variety of matters, and being found outside of his permitted jurisdiction, the Court finds that there are no conditions or combination of conditions which, if imposed in this district, would reasonably

assure Defendant's appearance in the Eastern District of Missouri to answer the supervised release violation petition.

Accordingly, the Government's motion for detention is GRANTED. Defendant is placed in the custody of the United States Marshal Service (USMS) and DETAINED until the Eastern District of Missouri considers his supervised release charges.

Further, the Government's request for transfer is GRANTED and Defendant is remanded to USMS custody for transfer to the Eastern District of Missouri.

SO ORDERED.


Dated: February 2, 2022　　　　　　　　s/Kimberly G. Altman
Detroit, Michigan　　　　　　　　　　　KIMBERLY G. ALTMAN
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge